United States District Court
Southern District of Texas
**ENTERED**
January 17, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RAQUEL VEGA MARTINEZ d/b/a § <br> AIRLINE INSURANCE and HUGO VEGA, § <br> § <br> Plaintiffs, § <br> § <br> v.  § <br> § <br> CAPITAL ONE, N.A., § <br> § <br> Defendant. § | CIVIL ACTION NO. H-22-2767 |

## MEMORANDUM OPINION AND ORDER

Raquel Vega Martinez ("Martinez") d/b/a Airline Insurance ("Airline") and Hugo Vega (collectively, "Plaintiffs") filed this action in the District Court of Harris County, Texas, against Capital One, N.A. ("Defendant").[1]  Pending before the court is Defendant Capital One, N.A.'s Motion to Strike and Dismiss Plaintiffs' Amended Petition ("Defendant's Motion to Strike and Dismiss") (Docket Entry No. 15).  For the reasons stated below, Defendant's Motion to Strike and Dismiss will be granted.

---

[1] Plaintiffs' Original Petition and Application for Temporary Restraining Order ("Original Complaint"), Exhibit 2 to Petition for Removal, Docket Entry No. 1-2, p. 2.  For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

On November 18, 2022, the court issued a Memorandum Opinion and Order (the "Prior Order") (Docket Entry No. 12), granting in part and denying in part Defendant Capital One, N.A.'s Motion to Dismiss Under Rule 12(b)(6) ("Defendant's Prior Motion to Dismiss") (Docket Entry No. 5). The court held that Plaintiffs had failed to adequately plead any of their claims and granted the Defendant's Prior Motion to Dismiss on all but one claim. Based on Plaintiff's Response to Defendant Capital One, N.A.'s Motion to Dismiss Under Rule 12(b)(6) (Docket Entry No. 6), the court believed that Plaintiffs had not pleaded their best case as to defamation and business disparagement. The court gave Plaintiffs until December 2, 2022, to file an amended complaint properly pleading defamation and/or business disparagement. On December 7, after inquiry by the court, Plaintiffs acknowledged that they had not met the December 2 deadline. Plaintiffs asked for an extension until December 9. On December 12, Plaintiffs filed their First Amendment to Plaintiffs' Original Petition ("Amended Complaint") (Docket Entry No. 13).

On December 15, 2022, Defendant filed its Motion to Strike and Dismiss. Defendant argues that the "Plaintiffs disregarded the Court's deadline, and then ignored their own unapproved deadline. As such, Plaintiffs' Amended [Complaint] should be struck as untimely." Defendant also argues that the Amended Complaint fails to comply with the Prior Order's instructions. Specifically the

court only allowed Plaintiffs to amend to more adequately plead a defamation or business disparagement claim.  Plaintiffs instead reasserted all the claims in the Original Complaint.  Defendant also argues that even ignoring Plaintiffs' lateness and disregard for the court's instructions, the Amended Complaint still fails to adequately plead any of the alleged claims.

The court has reviewed its Prior Order, the Amended Complaint, and Defendant's Motion to Strike and Dismiss.  Plaintiffs have not filed a response.[2]  Plaintiffs waited until days after the court's deadline to ask for additional time to amend and did not even meet their own suggested extension.  Plaintiffs have offered no reason for the delay.  Furthermore, the Prior Order concluded that Plaintiffs had not pleaded their best case on one particular claim, but Plaintiffs reasserted all the original claims.  In fact Plaintiffs reasserted some claims with only minimal, superficial changes.  The court has reviewed the substance of the Amended Complaint.  Even if the court were to allow the late, noncomplying amendment, it again fails to adequately plead the alleged claims. For example, the Amended Complaint adds some information regarding business disparagement, but it does not allege that the balance was sufficient to cover the NSF charges.  Nor does it specify the

---

[2] See Local Rules of the United States District Court for the Southern District of Texas, Rule 7.3 ("Opposed motions will be submitted to the judge 21 days from filing without notice from the clerk and without appearance by counsel.") and Rule 7.4 ("Failure to respond will be taken as a representation of no opposition.").

extent of any damage caused by Commonwealth terminating its relationship with Plaintiffs.

For the reasons explained above, the court concludes that the Amended Complaint was filed late without justification, does not comply with the court's Prior Order, and does not adequately plead Plaintiffs' alleged claims. Defendant Capital One, N.A.'s Motion to Strike and Dismiss Plaintiffs' Amended Petition (Docket Entry No. 15) is therefore **GRANTED**.

**SIGNED** at Houston, Texas, on this 17th day of January, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE